(137 App. Div. 67.)

### PEOPLE ex rel. BEVERFORDEN v. BAUER et al., Town Board of Canvassers.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

MANDAMUS (§ 187*)—APPEAL—MOOT QUESTIONS—DISMISSAL.

Where, pending an appeal from the denial of mandamus to compel the board of canvassers of a town to exclude votes cast in election districts therein, the canvassers completed the canvass and issued a certificate of election to the successful candidate, who took possession of the office, the merits of the appeal will not be considered, because the court, if reversing the order denying the peremptory writ, could not issue the writ, since a title to public office in the possession of a de facto incumbent is not reviewable on mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. § 187.*]

Appeal from Special Term, Westchester County.

Mandamus by the People, on the relation of G. F. Charles Beverforden, against Oswald A. Bauer and others, composing the Town Board of Canvassers of Orangetown, Rockland County, N. Y. From an order denying a peremptory writ of mandamus, relator appeals. Dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Benjamin Levison (Frank Comesky, on the brief), for appellant.

Mortimer B. Patterson, for respondents.

CARR, J.   The relator was a candidate for the office of town super-intendent of highways at the town election held on November 2, 1909. During the canvass provided by statute, he procured an order to show cause why the canvassers should not exclude the votes cast in certain election districts of the town, situated within the limits of unincorpo-rated villages, and a stay in the meantime.   His motion was heard, and decided against him, and an order was entered accordingly on November 30, 1909.   From this order he appealed to this court on December 4, 1909.   He did not bring on the argument of the appeal until March 14, 1910.

It appears that after the denial of his motion for a peremptory writ of mandamus the canvassers convened and completed their canvass, and issued a certificate of election to the person receiving, according to their canvass, the highest number of votes cast.   The term of office for which the election was had began on January 1, 1910.   The situ-ation now disclosed is that the canvass has been completed, and the apparently successful party has now been in office for several months. It is useless for us to consider the merits of this appeal; for, if we should reverse the order denying his motion for a peremptory writ of mandamus, the court would not be in a position to grant his motion and to issue the writ.   Matter of Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28.   There is, therefore, no present necessity on the part of this court of considering the point of law raised by appeal, as the court is without power to enforce any rights of the relator in this pro-ceeding.   As the question involved is in relation to the title of a public office, in which there is at least a de facto incumbent, mandamus is no longer available.

The appeal should be dismissed, with $10 costs and disbursements. All concur.